**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LAURELS OF THE LAKE ORION, LLC
and C. LANE MALLY, LLC,

    Plaintiff,

v.                                                   Case No. 19-11543

FIRST NATIONAL ORION LOAN, LLC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**

Before the court is a motion for attorneys' fees filed by Defendant First National Orion Loan, LLC. This motion comes after the court awarded summary judgment in favor of Defendant and ordered additional briefing on the calculation of attorneys' fees. (ECF No. 26.) The court determines that a hearing is not necessary and will resolve the issue on the briefs. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. STANDARD**

Under the general American rule, unless Congress provides otherwise, parties to litigation are to bear their own attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney fees."). However, where, as here, reasonable attorneys' fees are appropriate either by statute or agreement, the relevant task is to determine what

measure of fees is reasonable under the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The "lodestar" approach is the proper method for determining reasonable attorneys' fees. *Id.* at 432; *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Hensley*, 461 U.S. at 432). A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Hensley*, 461 U.S. at 433-34. That amount can then be adjusted based upon the twelve factors bearing on reasonableness. *Id.* at 430 n.3. Once the lodestar is calculated, the fee may be adjusted in consideration of the following twelve factors: (1) time and labor, (2) difficultly of the case, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and the results obtained, (9) the attorney's experience, reputation, and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client and (12) awards in similar cases. *Id.*

## II. DISCUSSION

The court previously determined that the underlying contract governs the award of attorneys' fees in this case and requested that the parties meet and confer to agree upon an amount for attorneys' fees. (ECF No. 26.) They failed to reach an agreement, and Defendant filed the instant motion for the court to resolve the remaining issue of calculating the proper award amount.

In support of its motion, Defendant supplied ample and particularized billing documentation to justify each billable hour for which it requests attorneys' fees. (ECF No. 28-2.) Plaintiffs do not argue that the amount of time billed by Defendant's attorneys

is unreasonable. Instead, their challenge relates to the hourly rate of Defendant's attorneys and the fact that Defendant now requests a larger figure than the parties previously discussed when they met and conferred in advance of filing the instant motion. (ECF No. 29, PageID.1016.) Defendant offers a plausible explanation to account for the increased figure; at the time the parties discussed attorneys' fees, Defendant had not yet compiled all relevant invoices and calculated the precise amount of fees billed in this case. (ECF No. 30, PageID.1027.) The court finds this explanation to be reasonable—to say nothing of the entirely ordinary bargaining phenomenon of discounting a demand to reach closure earlier—and will decline Plaintiffs' request to lower Defendant's award based on Defendant's estimated preliminary calculation. Furthermore, for the reasons explained below, the court accepts the reasonableness of counsels' hourly rate.

The court primarily relies on the detailed 2017 report by the State Bar of Michigan surveying attorneys' hourly rates across the state to determine the reasonable, lodestar hourly rate. *See Economics of Law Practice in Michigan*, State Bar of Michigan (2017), https://www.michbar.org/file/pmrc/articles/0000153.pdf [hereinafter 2017 Report]; *see also Bank of the Ozarks v. Perfect Health Skin & Body Ctr. PLLC*, No. 1:18-cv-11870-TLL-PTM, 2019 WL 3388465, at *6–7 (E.D. Mich. July 26, 2019) (Ludington, J.) (relying on the 2017 Report to calculate a reasonable hourly rate for attorneys' fees). Using the 2017 Report as a guidepost, the court finds that the rate charged by Defendant's attorneys is appropriate, bearing in mind that the Report does not account for three years of inflation nor does it account for coalescing categories.

Counsel billed the majority of their hours at a rate of $385 and a minority of their hours at a rate of $275 per hour. (ECF No. 28-2.) Upon review of the circumstances regarding the legal services provided, the court believes these rates and hours are commensurate with the services provided and counsels' experience. While Plaintiffs contend that the rates are high, Defendant has thoroughly justified the rate, which roughly reflects a 75th percentile rate for attorneys of this type, defending a case of this type, in the location of this type. *See* 2017 Report.

The 2017 Report details the distribution of hourly rates for the lawyers belonging to the named categories. Each category has a 25th percentile, mean, median, 75th percentile, and 95th percentile. *Id.* Defendant's attorneys' rate of $385 hovers around the 75th percentile figure or lower for every applicable category. Both are equity partners, and $385 is just below the 75th percentile. *Id.* at 4. They have practiced for 11 and 20 years, which puts $385 above the 75th percentile for lawyers with that experience range. *Id.* at 4. Their firm, Plunkett Cooney, is quadruple the size of other firms in the same category, yet the $385 rate is just above the mean and median hourly rate of those charged by smaller firms. *Id.* at 4. The firm's location, south of M-59 in Oakland County, also puts the $385 just above the 75th percentile for attorneys in that area. *Id.* at 5. And finally, their rate is just above the 75th percentile for the business/commercial litigation category. *Id.* at 5. Additionally, some of the work, albeit a small portion, was billed at a much lower rate, and Defendant only seeks the reimbursement of actual attorneys' fees paid. In all, according to the 2017 Report—which the court reasonably assumes reflects lower rates than those charged in the 2020 legal market—Defendant's attorneys could have charged more given the size of their

4

firm and their experience. Synthesizing all of the relevant but disaggregated categories expressed in the 2017 Report to calculate reasonable attorneys' fees is not a precise science, but based on the documentation provided, the sum and amount billed in the instant case appear reasonable. Therefore, the court finds that counsels' hourly rate, which is likely just below the 75th percentile for attorneys of their kind in 2020, is reasonable. *See Nelson v. Ricoh, USA*, No. 17-cv-11390, 2018 WL 6728392, at *2 (E.D. Mich. Mar. 1, 2018) (Stafford, M.J.) (finding the hourly rates of $441.67 and $472.50 of a non-equity partner reasonable and observing that a "reasonable" fee is not necessarily the "average" fee).

Turning to the most salient of the twelve lodestar adjustment factors, the court determines the first factor firmly supports the Defendant's figures. All of the time and labor is documented, labeled, and appears reasonable. Regarding the second and third factors, Defendant describes the atypical complexity of the case and skill necessary. Plaintiffs do not dispute the complexity of the case. Factor eight, the results obtained, also highlights the relatively small amount of the attorneys' fees at issue in this case as compared to the amount of money at stake. Factor nine, the attorneys' experience, perhaps weighs the most heavily in favor of Defendant. Defendant's motion outlines counsels' extensive experience in this type of specialized litigation, which lends further support to counsels' requested hourly rate. And finally, factor twelve demonstrates the reasonableness of the fees based on comparable cases. (ECF No. 28, PageID.928-30.) The court sees no reason in this *case* to reduce the fees below what counsel billed Defendant. The court is persuaded that Defendant's requested award is an accurate and reasonable reflection of the work devoted to this case and will grant the motion.

5

### III. CONCLUSION

After a thorough review of the invoices and relevant secondary sources, the court finds that the attorneys' fees requested by Defendant are reasonable. Accordingly,

IT IS ORDERED that Defendant's motion for attorneys' fees (ECF No. 28) is GRANTED. Defendant is AWARDED attorneys' fees in the sum of $49,404.48.

                                              s/Robert H. Cleland                /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  August 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 10, 2020, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                     /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-11543.LAURELSOFTHELAKE.AttorneysFees.TC.2.HEK.docx